#### THOMPSON v. SHAW MOTOR CO. *ET AL.*

(122 S. E., 669)

1. PRINCIPAL AND AGENT—GENERAL AGENT'S NOTE WITHIN SCOPE OF REAL OR APPARENT AUTHORITY BINDING.—Where general agent was acting within the scope of his actual or apparent authority in executing a note, his principal was liable.

2. FRAUDULENT CONVEYANCES—BUYER HELD NOT TO COMPLY WITH BULK SALES ACT.—Buyer of a stock in bulk, who did not take seller's affidavit or make inventory, but relied on seller's statement, did not comply with Bulk Sales Act.

Before C. M. EFIRD, Special Judge, Sumter, Spring Term, 1923. Affirmed.

Action by Pearl Aman Thompson against the Shaw Motor Company and W. C. Bland. Judgment for plaintiff, and the last named defendant appeals.

*Messrs. Harby, Nash & Hodges,* for appellant, cite: *Agency—appointment:* 3 Rich. L., 42. *Authority:* 88 S. C., 61; 31 Cyc., 1395; 2 Enc. L. & P., 1037; 30 Pac., 96; 43 Han., 637; 45 S. E., 316; 79 S. W., 732; 94 Pac., 345. *Power of stockholders to build corporation:* 80 S. E., 595;

---

Note: On statutory requirements on sale of stock of goods in bulk, see note in 2 L. R. A. (N. S.), 331; 20 L. R. A. (N. S.), 160; L. R. A., 1915E, 917.

On rights as between parties to sale in violation of Bulk Sales Law, see note in 5 A. L. R., 1517.

61 Am. St. Rep., 436; 14-a C. J., 360–361. *Signature, forged or without authority:* Neg. Instruments Act, Sec. 20; Bulk Sales Law, Code 1922, Vol. 3, Secs. 3527-29; 113 S. C., 333; 119 S. C., 176.

*Messrs. Lee & Moise* for respondent.

April 18, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This was an action commenced about April 13, 1922, and tried before his Honor, Special Judge C. M. Efird, at the spring term of 1923 of the Court of Common Pleas for Sumter County, resulting in a verdict against the defendants, Shaw Motor Company and H. C. Bland, in the sum of $4,714.99. A motion for new trial was duly made and argued, and was refused by the presiding Judge by an order dated June 6, 1923. The defendant, H. C. Bland, within due time gave notice of appeal to the Supreme Court from the rulings of the Court, verdict of the jury, and judgment entered or to be entered thereon."

The exceptions, six in number, raise these questions: That the testimony in the case admits of no other inference than that D. C. Shaw had no apparent authority in Columbia as agent of the Shaw Motor Company; that he had no actual authority to borrow money or execute the note in question; that the note was never ratified by the Shaw Motor Company, and was purely an accommodation note for the benefit of D. C. Shaw; that his Honor erred in not instructing the jury in accordance with the requests submitted on behalf of the defendants; that under the Bulk Sales Law only a presumption of fraud arose against the defendant, Bland, and that his Honor was in error in not permitting the jury to say from all the facts and circumstances of the case whether or not such a presumption had been rebutted. As to whether or not D. C.

Shaw had authority, actual or apparent, as agent of the Shaw Motor Company to execute the note sued on that is settled by the answer in the case of Shaw Motor Company. It says:

"And at the time said note in question was given D. C. Shaw was neither an officer, director, or stockholder of the Shaw Motor Company, but was its general agent, and had authority to transact business for it in its name; that the note in question was signed by D. C. Shaw."

Here is an admission that D. C. Shaw was the general agent of the company and signed the note. The plaintiff who took the note and advanced money thereon was innocent as to whether or not Shaw was a director or stockholder; he was the general agent of the company, and was acting in the scope of his authority, or apparent scope of his authority, and it would be unconscionable to allow them to escape payment of the note in question, under all of the facts and circumstances of the case, as developed in the testimony, and cause the respondent to lose her case as far as the defendants are concerned other than H. C. Bland. It was a just claim, enforceable against the defendants other than Bland at the time of the sale to Bland. That brings us to the consideration as to whether or not Bland complied when he purchased in bulk, whether or not Bland complied with the Bulk Sales Act (Civ. Code 1922, § 3527), or substantially complied with the case.

We are of the opinion that Bland did not comply with the statute as construed in *National City Bank v. Huey & Martin Drug Co.,* 113 S. C., 333; 102 S. E., 516; and *Smith v. Boyer,* 119 S. C., 176; 112 S. E., 71.

Bland looked at stock in bulk, made no inventory, did not take an affidavit from the seller, but relied on seller's statement. He is not the first man and will not be the last to get into financial trouble by allowing himself to be deceived by misrepresentations and false or mistaken state-

ments of the party he is dealing with instead of fully complying with the law.

No other inference could be drawn from the evidence in the case than that Bland did not comply with the plain provisions of the statute, and he had no right to submit to the jury the question of presumption of fraud. We see no error on the part of his Honor as cmplained of.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.